UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Professor DEBABRATA SAHA, Ph.D )
)
Plaintiff, )
)
)
v. )        Case No. 1:06CV01493
)        Judge Royce C. Lamberth
DONALD LEHMAN, et al. )
)
Defendants. )
)

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### First Defense

Plaintiff has failed to state a claim for which relief can be granted.

### Second Defense

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### Third Defense

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Fourth Defense

Plaintiff's claims are barred in whole or in part by the statute of limitations.

### Fifth Defense

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### Sixth Defense

Plaintiff's claims for punitive damages violate Defendants' rights to procedural and

substantive due process and to protection against unreasonable fines.

## Seventh Defense

Defendants' conduct was undertaken with a good faith, reasonable belief or alternatively with probable cause.

## Eighth Defense

Defendants Lehman and Tong have qualified immunity to any claims brought under 42 U.S.C. §1983 (2001).

## Ninth Defense

Any statements or representations by Defendants about Plaintiff were truthful, an assertion of opinion, and/or privileged.

## Tenth Defense

Plaintiff's claims are barred by the exclusivity provisions of the District of Columbia Workers' Compensation Act, D.C. Code §§ 32-1501 *et seq.* (2001).

## Eleventh Defense

Defendants Donald Lehman, Timothy Tong, and The George Washington University (collectively, the "Defendants"), by and through their undersigned counsel, hereby respond to the enumerated paragraphs of Debabrata Saha's (the "Plaintiff") First Amended Complaint (the "Complaint") as follows:

1.    This paragraph contains conclusions of law that require no response.

2.    This paragraph contains conclusions of law that require no response.

3.    Defendants admit that Plaintiff is currently employed as an Associate Professor in the Department of Electrical and Computer Engineering ("ECE") at The George Washington University ("GWU") and that Plaintiff has had tenure since 1992. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

2

4.      Admitted.

5.      Admitted.

6.      Defendants admit that GW was founded by Congressional charter in 1821 and that GWU's principal place of business is in the District of Columbia.

7.      Regarding the first sentence, Defendants admit that Plaintiff visited the offices of the ECE on Monday, August 29, 2005; however, Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this sentence. Regarding the second sentence, Defendants deny the allegations, except that they are without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff has taught Communications Theory since 1987.

8.      Regarding the first sentence, Defendants admit that Plaintiff visited the ECE department on Tuesday, August 30, 2005 but deny that Plaintiff spoke with Debbie Swanson. Regarding the second sentence, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

9.      Regarding the first sentence, Defendants admit that Plaintiff began to teach ECE-243 – Communications Theory on September 1, 2005; however, Defendants deny that Plaintiff was assigned or directed to teach that class in any location and that Plaintiff began teaching ECE-243 – Communications Theory at 7:10 p.m. Regarding the third sentence, the allegation is denied. Regarding the fourth sentence, it is a conclusion of law that does not require a response. Regarding the sixth sentence, Defendants admit that a member of the GWU Police Department advised him that he was not allowed to be teaching any classes due to his suspension, and deny any remaining allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

10.    Regarding the first sentence, Defendants admit that a member of the GWU Police Department advised him that he was not allowed to be teaching any classes due to his suspension, and deny the remaining allegations. Regarding the second sentence, Defendants admit that a member of the GWU Police Department required Plaintiff to leave the classroom and four members of the GWU Police Department escorted Plaintiff out of the building, and deny any remaining allegations. Regarding the third sentence, Defendants admit that four members of the GWU Police Department escorted Plaintiff out of the building and deny the remaining allegations of this sentence. Regarding the fourth sentence, Defendants admit that four members of the GWU Police Department escorted Plaintiff out of the building; however, Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in these sentences.

11.    Defendants admit that Professor Saha went to the ECE Department offices after leaving the classroom; however, Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.    Defendants admit that they never expressly advised Plaintiff that Defendants intended to have Plaintiff arrested in front of his students or that Plaintiff would be escorted out of his class by GWU police officers; however, Defendants deny any remaining allegations in this paragraph.

14.    Defendants admit the allegations in the first three sentences and deny the allegations in the fourth sentence.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16.     Defendants admit that Officer Morningstar, accompanied by two other university police officers, confiscated Plaintiff's office key and issued Plaintiff a bar notice prohibiting him from being on campus. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

17.     Defendants admit that Officer Morningstar and two other university police officers escorted Plaintiff to the B3 level of the building where Plaintiff's office was located and ensured that Plaintiff exited the property; however, Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

18.     Defendants admit that the university police officers were acting within the scope of their employment and at the request of Defendants Lehman and Tong, but deny they were acting at the direction of Defendants Lehman and Tong, and can neither admit nor deny the allegations about "highest ranking officials of GWU" and "final decision makers for GWU" as those allegations are vague. The remaining statements in this paragraph are conclusions of law that require no response.

19.     Denied.

20.     Defendants incorporate by reference their responses to paragraphs 1-19.

21.     Denied.

22.     Denied.

23.     Defendants incorporate by reference their responses to paragraphs 1-22.

24.     Denied.

25.     Denied.

26.     Defendants incorporate by reference their responses to paragraphs 1-25.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Defendants incorporate by reference their responses to paragraphs 1-29.

31.     Defendants admit that Lehman and Tong began proceedings to revoke Plaintiff's tenure by letter dated September 16, 2005 to the Chair of the Senate Dispute Resolution Committee; however, Defendants deny any remaining allegations in this paragraph.

32.     *Kyriakopoulos v George Washington Univ*, 866 F.2d 438, 442 (D.C. Cir. 1989), speaks for itself; otherwise, this paragraph contains conclusions of law that require no response.

33.     Regarding the first sentence, the allegations are admitted except that Defendants deny the reference to the terms of the Faculty Handbook. The allegations of the second sentence are admitted. As to the third and fourth sentences, the decision of the Hearing Panel speaks for itself.

34.     Regarding the first sentence, the decision of the Hearing Panel speaks for itself. Defendants admit the allegations of the second sentence.

35.     Denied.

Wherefore Defendants request that this Court enter judgment in favor of Defendants and against Plaintiff, with costs.

Respectfully submitted,

_____
Douglas B. Mishkin, DC Bar # 338590
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
Counsel for Defendants

Of Counsel:

Shannon Gibson, DC Bar # 482243
PATTON BOGGS, LLP
2550 M Street, N.W.
Washington, D.C. 20037

Dated: January 25, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January, 2007 a true and correct copy of the foregoing Answer was sent electronically to the following:

John F. Karl, Jr., Esq.
Karl & Tarone
900 Seventeenth Street, NW
Washington, DC 20006
Telephone: (202) 293-3200
Facsimile: (202) 429-1851

Counsel for Plaintiff

_____
Douglas B. Mishkin