## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Professor Debabrata Saha, Ph.D., )<br><br>Plaintiff, )<br><br>v. )<br><br>DONALD LEHMAN, TIMOTHY TONG, and )<br>THE GEORGE WASHINGTON UNIVERSITY, )<br><br>Defendants. ) | C.A. NO. 06-1493 RCL<br><br><br><br>**JURY TRIAL DEMANDED** |

### JOINT REPORT OF THE PARTIES

In accordance with Local Civil Rule 16.3(c), the parties conferred by telephone on February 12, 2007, and make the following joint report in this matter:

1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**Plaintiff respectfully suggests that Count IV for Declaratory Judgement may be resolved by dispositive motion early in the litigation, as no discovery is required on the question of whether the Faculty Panel relied on alleged actions and omissions outside of the statute of limitations. Plaintiff seeks a ruling that the pending tenure revocation proceedings are unlawful because the Faculty Panel stated it relied on alleged actions and omissions occurring more than three years earlier. Plaintiff does not seek a stay of discovery pending resolution of his Motion for Partial Summary Judgment on Count IV.**

**Defendants see no need for Plaintiff to file a motion for partial summary judgment on Count IV prior to the filing of dispositive motions after the conclusion of discovery.**

4869891

Defendants expect to file a motion for summary judgment after the completion of discovery, pursuant to the timetable proposed below.

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties do not currently anticipate joining other parties or amending the pleadings. If there is a need to join other parties or amend pleadings, the parties will do so within 60 days of the report.

However, if George Washington University tries to revoke Professor Saha's tenure, plaintiff will seek leave to amend the Complaint to assert a claim for breach of contract and wrongful termination. Plaintiff will also request the Court to enjoin any such revocation pending resolution of the merits of Professor Saha's claims.

Defendants reserve the right to oppose any motion by Plaintiff to amend the First Amended Complaint any later than 60 days from the date this report is filed with the Court.

The parties will try to narrow the factual and legal issues before trial.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties do not agree to assigning the case to a magistrate judge for all purposes.

(4) Whether there is a realistic possibility of settling the case.

The parties do not believe there is a realistic possibility of settlement.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR)procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**The parties do not believe the case could benefit from ADR.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Plaintiff believes Count IV for Declaratory Judgment may be resolved by a dispositive motion and that, in light of the pending tenure revocation proceedings, the parties should address this issue first. Plaintiff proposes to file a Motion for Partial Summary Judgment on Limitations Issue by March 30, 2007.**

**Defendants see no need for Plaintiff to file a motion for partial summary judgment on Count IV prior to the filing of dispositive motions after the conclusion of discovery. Defendants believe this case will be resolved by dispositive motion. Defendants propose that the parties file any such motions by August 3, 2007, with oppositions due August 31, 2007 and replies due September 21, 2007.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**The parties do *not* agree to dispense with initial disclosures as required under Fed. R. Civ. P. 26(a)(1). Plaintiff proposes that the disclosures be made no later than thirty days following the entry of a Scheduling Order.**

**Defendants propose that initial disclosures be made pursuant to Fed. R. Civ. P. 26(a)(a) and LCvR 26.2(a) within 14 days after the Rule 26(f) conference. The parties conferred in accordance with Rule 26(f) and LCvR 16.3 on February 12, 2007, making initial disclosures due February 26, 2007.**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**The Federal Rules of Civil Procedure and Local Rules shall govern the number of interrogatories and depositions.    The parties can conduct up to ten depositions for each side.**

**The parties suggest that all discovery be completed by May 30, 2007.  The briefing schedule proposed above is contingent upon a May 30, 2007 discovery deadline.**

**The parties envision that a Protective Order may be required and will work together to agree upon a Protective Order.**

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**Parties may use experts and make disclosures pursuant to Rule 26(a)(2), F.R.Civ.P. . Defendants propose that the party proposing an expert make such disclosures 60 days after the entry of a scheduling order, with the party responding to that designation making its disclosure 45 days thereafter.**

(10) In class actions, appropriate procedures . . .

**Not applicable.**

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**The parties do not anticipate the need for a bifurcated trial or managing in stages in this case.**

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The pretrial conference shall take place pursuant to the Track 2 schedule. The parties request the Court set a date for the pretrial conference after issuing a decision on the dispositive motions.

Defendants propose that the pretrial conference be scheduled within a reasonable period after the Court has ruled on dispositive motions.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

Plaintiff proposes that the Court set a firm trial date at the pretrial conference.

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

The parties are not aware of any additional matters that require inclusion in the
scheduling order.

Respectfully submitted,

_____S_____
John F. Karl, Jr. #292458
Karl & Tarone
900 17th Street, NW
Suite 1250
Washington, DC 20006
202.293.3200
202.429.1851 (fax)
Counsel for Plaintiff




_____S_____
Douglas Mishkin, Esquire
Patton Boggs
2550 M Street, N.W
Washington, D.C.  20037
Counsel for Defendants