UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Professor **DEBABRATA SAHA, Ph.D.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-01493 (RCL) |
| ) | |
| **DONALD LEHMAN,** *et al.,* ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff has moved [26] to extend the time within which plaintiff may file a motion for summary judgment as to Count IV. The time for filing the motion expired on March 31, 2007. Plaintiff's current motion to extend time is more than four months overdue and does not demonstrate good cause for the failure to timely file the motion, since plaintiff at that time was still represented by counsel. Plaintiff's motion is therefore DENIED.

Plaintiff has also moved [27] to extend the time within which to respond to defendants' summary judgment motions. Plaintiff now *pro se*, and requests an additional three months for his response. Plaintiff's motion is GRANTED, and his response shall be filed no later than November 14, 2007.

In *Fox v. Strickland*, the D.C. Circuit held that a district court must take pains to advise a pro se plaintiff of the consequences of failing to respond to a motion to dismiss. 837 F.2d 507, 509 (D.C. Cir. 1988). The court stated that the notice provided by the district court "should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. Thereafter, in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1993),

the D.C. Circuit stated that the district court must inform pro se litigants that, on a motion for summary judgment, "any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

> Under Rule 56(e) of the Federal Rules of Civil Procedure,
>
> [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Thus, parties such as plaintiff, who is adverse to a motion for summary judgment, must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit.

In accordance with these rulings, the Court advises plaintiff does not respond to the motions for summary judgment within the prescribed time, the Court will treat such a motion as conceded and will either dismiss the complaint or grant summary judgment in favor of defendants.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, on August 21, 2007.

Case 1:06-cv-01493-RCL    Document 31    Filed 08/21/2007    Page 3 of 3