# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **No. 08-7047** | **September Term 2007** |
| | 1:06-cv-01493 |
| | **Filed On:** July 31, 2008 |

Debabrata Saha, Professor, Ph.D,

    Appellant

    v.

Donald Lehman, Individually and in his
capacity as Executive Vice President for
Academic Affairs of the George Washington
University, et al.,

    Appellees

    **BEFORE:**    Ginsburg, Rogers, and Garland, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply; and the motion to hold in abeyance, styled "procedural motion that may affect case calendaring," the opposition thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). With respect to his claim for false arrest and imprisonment, appellant has not shown appellees' actions constituted arrest or imprisonment, or that appellees' actions were unlawful. See Faniel v. Chesapeake and Potomac Tel. Co. of Maryland, 404 A.2d 147, 150 (D.C. 1979). Because appellant has failed to demonstrate appellees made false statements about him, the district court correctly granted summary judgment for the appellees as to the claim for invasion of privacy–false light. See Kitt v. Capital Concerts, Inc., 742 A.2d 856, 859 (D.C. 1999). Absent evidence of a violation of appellant's rights under the Constitution or law, the district court properly dismissed appellant's claim under 42 U.S.C. § 1983. Last, appellant provides no reason to conclude the statute of limitations governing breach of contract actions under the law of the District of Columbia governs George Washington University tenure revocation proceedings. It is

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 08-7047**                                          **September Term 2007**

**FURTHER ORDERED** that the motion to hold in abeyance be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**